# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## AIKEN DIVISION

| | | |
|---|---|---|
| John Robert McDowell, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 1:17-cv-1253-PMD-SVH |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Nancy A. Berryhill, Acting | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Plaintiff John McDowell's objections to United States

Magistrate Judge Shiva V. Hodges' report and recommendation ("R & R") (ECF Nos. 22 & 20).

The Magistrate Judge recommends that the Commissioner's decision be affirmed.  For the reasons

stated herein, the Court overrules McDowell's objections and adopts the R & R.

## PROCEDURAL HISTORY

The Magistrate Judge issued her R & R on April 16, 2018.  McDowell filed his objections

to the R & R on April 30, and the Commissioner replied on May 11.  Accordingly, this matter is

now ripe for review.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court.  The R & R has no

presumptive weight, and the responsibility for making a final determination remains with the

Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  Parties may make written objections to

the Magistrate Judge's recommendations and proposed findings within fourteen days after being

served with a copy of the R & R.  28 U.S.C. § 636(b)(1).  This Court must conduct a de novo

review of any portion of the R & R to which a specific objection is made, and the Court may

accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140, 151–52 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

McDowell essentially raises three objections to the R & R. First, he asserts that the ALJ should not have discounted McDowell's treating physician's opinion because the evidence in the record demonstrates that McDowell's conservative treatment history was based on his inability to afford additional treatment. Second, he asserts that the ALJ erred in concluding that McDowell's treating physician's office notes consist of generally unremarkable findings where those notes contain findings of significant medical issues. Finally, McDowell objects to the Magistrate Judge's conclusion that 6,000 quality control examiner jobs is a sufficient number of jobs for the Commissioner to meet her burden of proof that McDowell can transition to other work. The Court addresses McDowell's objections in the order in which he presents them.

As for McDowell's argument that the ALJ should have taken into consideration his inability to afford additional treatment when determining that his medical treatment history was conservative, the Court disagrees. As pointed out by the Magistrate Judge, McDowell received recommendations and referrals for free or low-cost medical providers and failed to present to those providers. The Court agrees with the Magistrate Judge that McDowell's failure to do so

undermines his contention that he would have sought more aggressive treatment but for his financial situation. As for his contention that the free or low-cost medical providers would not have been able to provide him with CT scans or MRIs due to their expense, the Court cannot take that into consideration as McDowell never even investigated those options and the treatments they could provide. In addition, there is no evidence in the record on that issue. The Court is sympathetic to McDowell's difficult situation in light of his lack of health insurance, but is constrained to agree with the Magistrate Judge that the ALJ's decision is supported by substantial evidence.

Next, the Court turns to McDowell's argument that the ALJ improperly discounted his treating physician's opinions regarding his functional limitations on the basis that "they were not entirely consistent with treatment notes indicating generally unremarkable findings as recently as June 16, 2015." (Social Security Admin. R., ECF No. 9-2, at 23.) The Court overrules this objection as well. Though earlier treatment records suggested more significant pain and symptoms, the above quote pertains to the ALJ's use of the phrase "as recently as," rather than the earlier treatment records. The ALJ considered all the treatment records and determined that McDowell's treating physician's opinion was not consistent with his actual conservative course of treatment. The Court again concludes that the ALJ's decision to afford the treating physician's opinion little weight is supported by substantial evidence for this reason and for the reason set forth above.

Finally, the Court overrules McDowell's objection to the Magistrate Judge's conclusion that 6,000 quality control examiner jobs constitutes a significant number. Both McDowell and the Magistrate Judge have noted the lack of controlling authority on this question, but the Court agrees with the Magistrate Judge that the Fourth Circuit's statement in *Hicks v. Califano*, 600 F.2d 1048

(4th Cir. 1979), is sufficient evidence of their view to overrule McDowell's objection. In *Hicks*, the Fourth Circuit noted that "[w]e do not think that the approximately 110 jobs testified to by the vocational expert constitute an insignificant number." *Id.* at 1051 n.2. Here, since there are approximately 6,000 jobs available in the national economy, the Court agrees with the Magistrate Judge that there are significant number of jobs available and overrules McDowell's objection.

## CONCLUSION

For the reasons stated herein, it is **ORDERED** that McDowell's objections are **OVERRULED**, that the R & R is **ADOPTED**, and that the Commissioner's decision is **AFFIRMED**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**July 2, 2018**
**Charleston, South Carolina**